# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NOAH COLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION LLC and DISCOVER BANK<br><br>    Defendant(s). | Civil Action No:1:22-cv-6972<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, Plaintiff Casey Nolden ("Plaintiff"), by and through his attorneys, Jaffer & Associates, PLLC, and brings this *Complaint* against Defendants Discover Bank ("Discover") and Trans Union LLC,, collectively referred to as the ("Defendants"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681 *et seq.*

## JURISDICTION & VENUE

2. Plaintiff brings this action for damages arising from Defendants' violation of 15 U.S.C. § 1681 *et seq.,* commonly known as the Fair Credit Reporting Act ("FCRA").

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact

business here.

## PARTIES AND SERVICE

5. Plaintiff is a resident of Cook County, Illinois.

6. At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Discover Bank**

7. Defendant Discover is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

8. Discover is a corporation duly authorized and qualified to do business in the State of Texas and can be served with process upon its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

9. Discover meets the definition of a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**Trans Union LLC**

10. Defendant Trans Union is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is a company registered to do business in the State of Texas and may be served with process upon The Prentice-Hall Corporation, its registered agent for service of process, at 211 E. 7th St. Suite 620 Austin, TX 78701.

11. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

12. At all times material hereto, Trans Union disbursed such consumer reports to third

parties under a contract for monetary compensation.

13. As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all the above paragraphs of the Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

15. On or before August 2022, Plaintiff discovered a Discover Bank credit account ("the Account") reporting on his consumer credit reports that he did not authorize or agree to open.

16. Surprised by this fraudulent debt, Plaintiff filed a police report with the Chicago Police Department and an FTC affidavit swearing the Account stemmed from identity theft. See **Exhibit A.**

### Trans Union

17. On or before August 2022, Plaintiff disputed the Account with Trans Union due to identity theft.

18. It is believed and averred that Trans Union did not block the Account as required due to the identity theft allegation made by Plaintiff.

19. On or about August 17, 2022, Trans Union finished its reinvestigation by verifying and certifying as accurate the Account despite Plaintiff's dispute. See **Exhibit B.**

20. Trans Union continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various

3

persons and credit grantors, both known and unknown.

21. In the alternative, Trans Union continues to report inaccurate payment history despite Discover sending to Trans Union an Automated Credit Dispute Verification form ("ACDV") containing the correct information.

22. Despite the dispute by Plaintiff that the information on the Account resulted from identify theft, Trans Union did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

23. In the alternative, Trans Union failed to contact Discover and therefore failed to perform any reinvestigation at all

24. Trans Union's furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms.

25. Trans Union's erroneous reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to obtain credit..

26. Trans Union violated the FCRA by continuing to report an account resulting from identify theft that Plaintiff did not cause or authorize to be opened, and also when Trans Union did not block the Account when Plaintiff alleged identity theft.

## Discover

27. It is averred and believed that Trans Union, Experian, and Equifax forwarded Plaintiff's disputes to Discover.

28. It is averred and believed that Discover conducted an investigation after receiving Plaintiff's disputes from the credit reporting agencies.

29. It is believed and averred that Discover sent or transmitted an Automated Dispute Verification Form ("ACDV") to the credit reporting agencies during its investigation, verifying

and certifying that the information Discover was reporting to credit agencies was accurate and not misleading.

30. In the alternative, it is believed and averred that Trans Union, Equifax, and Experian sent ACDVs to Discover and Discover failed to conduct an investigation at all.

31. To this day Discover continues to report false and misleading information relating to the Accounts on Plaintiff's credit reports.

32. For these reasons, Discover violated the FCRA.

### FIRST CAUSE OF ACTION
### Willful Violation of the § 1681s2-b as to Discover

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

43. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

44. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

45. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

46. Discover violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's dispute reported by Trans Union with respect to the Account; by failing to review

all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

47. Specifically, Discover continues to report the Account as having been opened by Plaintiff despite the FTC affidavit and police report.

48. As a result of the conduct, action and inaction of the Discover, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

49. The conduct, action and inaction of Discover was willful, rendering Discover liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

50. Plaintiff is entitled to recover reasonable costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Discover, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
**Negligent Violation of § 1681s2-b as to Discover**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

54. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

55. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

56. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

57. Discover is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

58. After receiving Plaintiff's disputes, Discover negligently failed to conduct its investigation in good faith and continued to report the Account stemming from identify theft.

59. A reasonable investigation would require a furnisher such as Discover to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

60. As a result of the conduct, action and inaction of the Discover, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, the cost of hiring an attorney to defend the fraudulent debt, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

61. The conduct, action and inaction of Discover was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681(o).

62. Plaintiff is entitled to recover reasonable costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

63. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against DISCOVER, for damages together with attorney's fees and court costs pursuant to 15 U.S.C.

§ 1681(n).

### THIRD CAUSE OF ACTION
**Willful or Negligent Violation of 1681c-2(c)(2) as to Trans Union**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein

65. § 1681c-2(c)(2) requires CRAs to tell a Plaintiff within five days what accounts the CRA has declined to block after Plaintiff's allegation of identity theft. Trans Union violated 15 U.S. C § 1681c-2(c)(2) by failing to timely notify Plaintiff in the same manner required by §1681i(a)(5)(B)(ii) of which accounts Trans Union blocked or declined to block after Plaintiff's allegation of identity theft.

66. Trans Union has willfully and recklessly failed to comply with the FCRA. The failure of Trans Union to comply with the FCRA includes, but is not limited to: (1) failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; (2) the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; and (3) the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate.

67. The conduct action and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

68. In the alternative, the conduct and inaction of Trans Union was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

69. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) or §1681(o).

8

70.     **WHEREFORE,** Plaintiff an individual, demands judgment in his favor against Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n), § 1681(o).

## FOURTH CAUSE OF ACTION
### Willful or Negligent Violation of § 1681c-2(a) as to Trans Union

71.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length

72.     Trans Union willfully violated §1681c-2(a) when it failed to block the Account listed in the FTC affidavit and police report within four business days of receiving the dispute and documentation from Plaintiff.

**73.**     In the alternative, Trans Union negligently violated §1681c-2(a) when it failed to block the Account listed in the FTC affidavit within four business days of receiving the documentation from Plaintiff. See **Exhibit A, B.**

74.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) or § 1681(o).

75.     **WHERETOFORE,** Plaintiff, an individual, demands judgment in his favor against Trans Union, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION
### Willful Violation of § 1681e(b) as to Trans Union

76.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

77.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

78.     Trans Union violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning Plaintiff.

79. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
    b. The failure to correct erroneous personal information regarding Plaintiff after areasonable request by Plaintiff;
    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
    d. The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;
    e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;
    f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;
    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;
    h. The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

80. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the cost of defending the debt lawsuit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

81. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

82. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union

in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

83. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Trans Union

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

86. Trans Union violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning Plaintiff.

87. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;
   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
   d. The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;
   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;
   f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;
   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;
   h. The failure to take adequate steps to verify information Trans Union had reason

to believe was inaccurate before including it in the credit report of the consumer.

88. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the cost of hiring defense counsel, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

89. The conduct, action and inaction of Trans Union was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

90. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## SEVENTH CAUSE OF ACTION
**Willful Violation of § 1681(i)(a) as to Trans Union**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

93. Trans Union violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

94. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b. The failure to correct erroneous personal information regarding Plaintiff after a

        reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h. The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

95. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the cost of defending the Account lawsuit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

96. The conduct, action and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

97. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

98. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### EIGHTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Trans Union

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length

herein.

100. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

101. Trans Union violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

102. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;
   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
   d. The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;
   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;
   f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;
   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;
   h. The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

103. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the cost of defending the Account lawsuit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

104. The conduct, action and inaction of Trans Union was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

14

105. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

106. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## DEMAND FOR JURY TRIAL

107. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff reserves his right to have a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;
2. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);
3. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);
4. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);
5. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: December 7, 2022                      Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

/s/ Phillip Pool           .
**Shawn Jaffer**
Bar No.: 24107817
**Allen Robertson**
Bar No.: 24076655
**Robert Leach**
Texas Bar No. 24103582
**Phillip Pool**
Bar No.: 24086466
**Shakeria Northcross**
Bar No.: 24116836

        5757 Alpha Road Suite 580
        Dallas, Texas 75240
        T: (214) 494-1871
        F: (888) 530-3910
        E-mail: attorneys@jaffer.law
        ***Attorneys for Plaintiff***